**In re Mark R. SOBOSLAI and Joan Soboslai, Debtors.**

**Michael J. Daly, Trustee, Plaintiff,**

**v.**

**Mark R. Soboslai and Joan Soboslai, Defendants.**

**Bankruptcy No. 97–34147.**
**Adversary No. 98–3199.**

United States Bankruptcy Court,
D. Connecticut.

June 29, 2001.

Douglas S. Skalka, Neubert, Pepe & Monteith, P.C., New Haven, Connecticut, for plaintiff-trustee.

Brian Kaligian, Kaligian, Sutton & Gudsnuk, Orange, Connecticut, for debtor-defendants.

## MEMORANDUM OF DECISION ON COMPLAINT FOR TURNOVER OF ESTATE PROPERTY

ALBERT S. DABROWSKI, Bankruptcy Judge.

## I. INTRODUCTION

Before the Court is an adversary proceeding commenced by the Plaintiff–Trustee to recover from the Debtors certain property alleged to be part of the bankruptcy estate of Debtor Mark R. Soboslai. This Memorandum of Decision sets forth the factual and legal bases of the Court's judgment in this case.

## II. JURISDICTION

The United States District Court for the District of Connecticut has subject matter jurisdiction over the instant adversary proceeding by virtue of 28 U.S.C. § 1334(b); and this Court derives its authority to hear and determine this proceeding on reference from the District Court pursuant to 28 U.S.C. §§ 157(a), (b)(1). This is a "core proceeding" pursuant to 28 U.S.C. §§ 157(b)(2)(A), (E), (O).

## III. FACTUAL BACKGROUND

The Court's findings of fact are derived from (i) the parties' *Stipulation to Facts and Admissibility of Evidence* (Doc. I.D.

No. 34), (ii) the evidence adduced at trial, and (iii) the Court's independent examination of the official record of the instant case and adversary proceeding.

The Debtor Mark R. Soboslai ("Soboslai") was employed from 1988 to 1999 as an attorney in the offices of the New Haven, Connecticut law firm currently known as Jacobs, Grudberg, Belt & Dow, P.C. (the "Firm"). In addition to a regular salary, Soboslai was consistently compensated by the Firm with a year-end bonus. In or about January, 1995, Mr. Soboslai was made a "member" of the Firm. Although the Firm purports to be a corporate entity, and has issued stock to certain of its members, Mr. Soboslai was at no time issued any shares in the Firm.

On October 15, 1997 (the "Petition Date"), the Debtors filed a joint voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code, and relief was simultaneously ordered thereon. Michael J. Daly—the Plaintiff here—was appointed as Trustee of their resulting bankruptcy estates.[1] Shortly after the Petition Date, at the end of 1997, the Firm granted Soboslai a 1997 calendar year bonus in the amount of $37,000.00 (the "1997 Bonus").[2] The 1997 Bonus was transferred to Soboslai by check or direct deposit (the "Transfer"). The 1997 Bonus was the largest bonus Soboslai received during his tenure at the Firm, and reflected his servicing of an unprecedented volume of business through his dedication of an extraordinary number of hours to a single paying client.

---

**1.** To date, the Court has not entered a formal order addressing whether, or to what extent, the Debtors' estates should be consolidated pursuant to 11 U.S.C. § 302(b). Because it is beyond dispute that the Trustee was appointed as the representative of whatever Soboslai estate(s) may exist at this time, it is unnecessary for the Court to consider whether such estates were deemed or presumed to be consolidated at an earlier point in this case. Neither is it necessary or appropriate for the

Court to address in the context of this contested matter the propriety of consolidation in this case.

**2.** The Firm made deductions from the 1997 Bonus for federal and state taxes in the aggregate amount of $12,558.90. Thus, the net amount received by Soboslai totaled $24,441.10.

In general, members' bonuses were paid from Firm profits remaining at year-end, *i.e.* after payment of Firm expenses, including non-member bonuses. As a general matter, members' bonuses were larger than non-member bonuses. Member bonuses were granted in the discretion of the Firm's Board of Directors after consideration of the contributions of each member to the Firm over the preceding year. In exercising this discretion the Board of Directors followed a methodology which used, as a "starting point", an "averaged" survey of members as to their proposed allocation of the total bonus pool. Adjustment to the survey results were then made by the Board of Directors in consideration of a number of factors set forth in the Minutes of the Board of Directors Meeting of December 27, 1997 (Trial Exhibit D), *inter alia*. Under this methodology there was always a wide disparity in the dollar amount of bonuses granted to individual members in any given year. On or about March 26, 1999, Soboslai left the Firm and began an independent law practice. The Firm has not provided, and does not intend to provide, any compensation to Soboslai in consideration for any alleged equity interest he may have held in the Firm. In the past the Firm has paid such compensation to departing members who had been issued shares in the Firm.

## IV. DISCUSSION

A bankruptcy trustee has the right to recover property of the subject bankruptcy estate. In fact, any entity in possession, custody or control of property of the estate must deliver estate property to the trustee unless such property is of inconsequential value to the estate. The statutory authority for such power is found in Bankruptcy Code Sections 542, 363 and 541, which provide in relevant part as follows:

*Section 542 —*

(a) ... an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

11 U.S.C. § 542(a) (1997).

*Section 363 —*

(b)(1) The trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, *property of the estate.*

11 U.S.C. § 363(b) (1997) (emphasis supplied).

*Section 541 —*

(a) The commencement of a case, under section 301, 302 or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:

(1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.

\* \* \* \* \* \*

(6) *Proceeds, product, offspring, rents, or profits of or from property of the estate, except such as are earnings from services performed by an individual debtor after the commencement of the case.*

\* \* \* \* \* \*

11 U.S.C. § 541 (1997) (emphasis supplied).

In seeking to recover the 1997 Bonus from the Debtors, the Trustee advances two distinct legal theories for the proposi-

tion that the 1997 Bonus is property of Soboslai's bankruptcy estate.

## A. Dividend Theory.

■ The Trustee first likens the 1997 Bonus to a stock dividend. That paradigm assumes that Soboslai held a pre-petition equity interest in the Firm which became property of his bankruptcy estate upon the filing of the Petition in the instant bankruptcy case. The Trustee then posits that the 1997 Bonus was a "dividend" on that presumed equity interest, which dividend would likewise be property of the bankruptcy estate pursuant to the first clause of Bankruptcy Code Section 541(a)(6).

The Debtors respond by denying that Soboslai ever held an equity interest in the Firm. Further, they argue that the 1997 Bonus is attributable to Soboslai's individual efforts as an attorney during 1997, compensation for which, in their view, is excluded from the bankruptcy estate by the final clause of Section 541(a)(6).

An assessment of the entire record in this case leads this Court to find and conclude that when Soboslai was made a "member" of the Firm, he did not acquire an equity interest therein. Critically, he was not issued any shares of stock, as other members had been. Nor did he participate in the management of the Firm in any meaningful way, although his status as "member" did permit him to receive information not available to non-member attorneys. Because Soboslai did not own an equity interest in the Firm, the 1997 Bonus could not have constituted a dividend or "profit" from an equity interest. Further, while it is clear that the 1997 Bonus was payable from the Firm's net profit on its 1997 business, the Trustee has not carried his burden of proving that the

Bonus was paid *on account of* the profitability of the Firm.

## B. Earned but Unpaid Income Theory.

■ As a second theory of recovery the Trustee suggests that even if Soboslai did not own an equity interest in the Firm, a substantial portion of the Bonus was earned and unpaid on the Petition Date. To that degree, the Trustee alleges, the 1997 Bonus constituted property of the estate which must be turned over to him. The Debtors counter by arguing that the entire 1997 Bonus was earned and paid only at year-end, *i.e.* in the post-petition period, and thus is excluded from property of the estate by the final clause of Code Section 541(a)(6).

The key to the determination of the question posed by the Trustee's second theory is whether, and to what degree, the Bonus represents, in the words of Section 541(a)(6), "earnings from services performed by an individual debtor after the commencement of the [bankruptcy] case." This Court finds and concludes that the Bonus constituted earnings of Soboslai— an individual debtor—attributable to personal services rendered on behalf of the Firm over the course of the *entire* 1997 calendar year. Accordingly, that portion of the Bonus earned as of the Petition Date—October 15, 1997—is property of Soboslai's bankruptcy estate, and must be accounted for by him. Given the fact that he has not claimed any exemption in the 1997 Bonus, a prorated portion of the bonus must be turned over to the Trustee. The proration factor shall be 78.5%, which is equivalent to that portion of the calendar year 1997 which had passed at the time the Debtors filed their Petition.

## V. CONCLUSION

For the foregoing reasons, judgment shall enter requiring the Debtor–Defen-

dant Mark R. Soboslai[3] to turnover to the Plaintiff–Trustee the sum of $19,186.26[4] pursuant to the Plaintiff–Trustee's claim for relief under Bankruptcy Code Section 542.[5]

The foregoing Memorandum of Decision shall constitute this Court's Findings of Fact and Conclusions of Law for purposes of Fed.R.Bank.P. 7052.

### JUDGMENT

This proceeding having come before the Court after trial, and the Court having entered this date its *Memorandum of Decision on Complaint for Turnover of Estate Property,* in accordance with which it is hereby

**ORDERED** that a monetary judgment shall enter in favor of the Plaintiff and against the Defendant Mark R. Soboslai in the amount of $19,186.26, which sum the Defendant Mark R. Soboslai shall immediately deliver to the Plaintiff–Trustee and account for; and

**IT IS FURTHER ORDERED** that in all other respects judgment shall enter in favor of the Defendants.

3. The court received no evidence of Debtor Joan Soboslai's receipt of any portion of the 1997 Bonus.

4. This figure is derived by multiplying the *after-tax* amount of the 1997 Bonus ($24,441.10) by the proration factor (.785). Leave is hereby given to the Plaintiff–Trustee to seek to modify or amend the judgment in this proceeding if he believes that the Court's use of the *after-tax* bonus figure is inequitable to the bankruptcy estate for reasons, *inter alia,* of the estate's tax obligations, or the amount of the Debtors' 1997 tax refund(s), if any.

5. The Trustee's Complaint seeks similar relief under Code Section 549(a) (permitting avoidance of certain post-petition transfers of estate property). In the Court's view, the Trustee does not possess a cause of action under Section 549 because that Section requires a transfer of estate property. The Transfer here did not *transfer* estate property; rather, it simply *transmuted* it—from a *claim* for an earned but unpaid bonus into cash or a deposit account balance. Yet because any recovery pursuant to Section 549 could not exceed that which the Court is granting under Section 542—since recovery under both statutes is limited to the extent of estate property involved—it is unnecessary for the Court to rule on the Trustee's alternative claim for relief.