**IN RE: Lisa BRONIKOWSKI, Vincent Bronikowski, Debtors.**

Case No. 16–50719

United States Bankruptcy Court,
W.D. North Carolina,
**Statesville Division.**

Signed June 16, 2017

Christopher Damon Layton, The Layton Law Firm PLLC, Charlotte, NC, Kevin John Radey, Law Offices of Kevin J. Radey PLLC, Evergreen, CO, for Debtors.

## ORDER OVERRULING TRUSTEE'S OBJECTION TO EXEMPTIONS

Laura T. Beyer, United States Bankruptcy Judge

**THIS MATTER** is before the court on the Trustee's Objection to Exemptions ("Objection") filed by the Chapter 7 Trustee on January 17, 2017. The court held a hearing on the Motion on February 10, 2017 and announced its ruling at a hearing on March 10, 2017. Representatives of the Trustee and the Debtors appeared at both hearings. The Objection presents two issues to the court: (1) whether the female Debtor's anticipated bonus from her employer for the 2016 calendar year constitutes property of her bankruptcy estate; and (2) whether the female Debtor can exempt the anticipated bonus from her estate pursuant to North Carolina General Statute § 1–362. For the reasons that follow, the court concludes that the anticipated bonus is not property of the female Debtor's estate, does not reach the second issue, and overrules the Objection.

The facts relevant to the Objection are not in dispute. The Debtors commenced this case by filing a Chapter 7 voluntary petition on November 11, 2016. The Debtors' original Schedule A/B includes the female Debtor's anticipated bonus with a value of $9500 and the following description:

Potential bonus from employer. Female debtor's employer may, at their sole discretion (per contract), award a bonus in February of 2017. At the time of filing employer confirmed no award has been determined, and any award if given, will be contingent on overall company performance as well as employee performance, together with being in the sole discretion of the employer. Such performance has not been evaluated, to date. Debtor takes the stance this is an uncertain potential future award, but is listing here in the interest of full disclosure. The remaining 1601(a)(2) exemption has been applied in good faith.

The Debtors' Schedule C includes an exemption in $9470.65 of the anticipated bonus pursuant to North Carolina General Statute § 1C–1601(a)(2). At the Debtors' § 341 meeting of creditors, the female Debtor testified that she received a bonus of $30,000 in 2016 (for the 2015 calendar year). The Debtors filed a No Protest Motion to Amend Exemptions ("Motion") on January 16, 2017 and amended the Motion on January 19, 2017. The Motion notes that the Trustee took an "unexpected, alternate position" about the anticipated bonus at the § 341 meeting and says the anticipated bonus is "wholly exempt under

North Carolina law" (without any further detail or support) if it constitutes property of the female Debtor's bankruptcy estate.

On January 30, 2017, the Debtors filed an amended Schedule A/B listing the value of the anticipated bonus as unknown. The amended Schedule A/B describes the anticipated bonus as "Potential Bonus From Female Debtor's Employer—NOT PART OF BANKRUPTCY ESTATE Per KLEIN–SWANSON, 488 B.R. 628 (8th Cir., BAP 2013), disclosure made to avoid costly litigation which would hinder debtors' fresh start. See attachment." In the attachment to their amended Schedule A/B, the Debtors argue that the anticipated bonus is not an asset of the female Debtor's estate and repeatedly refer to the bonus as "entirely discretionary."

The Debtors also filed a Response to Trustee's Objection to Exemptions ("Response") on January 30. The Response elaborates on the Debtors' argument about the status of the anticipated bonus, clarifies that the Debtors will seek to exempt the anticipated bonus pursuant to North Carolina General Statute § 1–362 if it is deemed property of the estate, and includes a copy of the 2016 General Plan Provisions ("GPP") governing the female Debtor's employer's bonus program as an attachment. According to the GPP, the employer uses the bonus program to "pay for performance—company, line of business and individual performance." ¶ 2(a). The GPP gives the employer "full and final discretionary authority to interpret and administer the Plan as well as determine the amount, if any, and payment of all incentive bonuses, awards and other compensation pursuant to the Plan." ¶ 10. The GPP allows the employer to amend, modify, discontinue, or terminate the bonus program at any time, says there is no contract with the employees in relation to bonuses, and provides that participation in

the plan in a prior year does not mandate eligibility for a future year. ¶ 14. The GPP states that an employee who no longer works for the employer at the time that the bonuses are awarded "will no longer be eligible to receive any award under the Plan, unless otherwise required by applicable law"; however, former employees who cease to work for the employer for certain reasons (such as death, disability, and retirement) "may remain eligible for consideration for a full or partial award/payment under the Plan, as determined in the sole discretion" of the employer. ¶ 2. The GPP requires employees eligible for awards to comply with all company policies and procedures and allows the employer to revoke an employee's eligibility to receive an award if the employee does not adhere to all performance and compliance obligations. ¶ 9.

The Trustee filed a Memorandum of Law in Support of Trustee's Objection to Exemptions ("Trustee's Brief") explaining her position on this matter on February 3, 2017. The Trustee's Brief argues that the GPP does not require the female Debtor to be employed when her employer issues a bonus, that her job performance does not have to be satisfactory for her to be eligible for a bonus, that the GPP is ambiguous about whether the employer has the discretion to not issue a bonus, and that "the only contingency that must be fulfilled in order for Mrs. Bronikowski to receive the Bonus is her employers' [sic] decision to pay it." Trustee's Brief at 7–9. According to the Trustee, the court should apportion the anticipated bonus based on the amounts earned pre- and post-petition with the pre-petition portion treated as property of the female Debtor's estate. Id. at 9.

As of the February 10 hearing, the female Debtor had not yet received the anticipated bonus, and the court does not

know if she subsequently received a bonus or the amount of any bonus that she may have received. At the February 10 hearing, in response to a question from the court, the attorney for the Trustee admitted that he could not estimate a value for the female Debtor's alleged interest in the anticipated bonus as of her petition date and that her alleged interest was not marketable. Neither party nor the court found any applicable law relevant to the female Debtor's entitlement to the anticipated bonus prior to its payment.

■ The court must look to federal and state law to determine whether the female Debtor's anticipated bonus is property of her bankruptcy estate. A debtor's filing of a bankruptcy petition commences a case and creates an estate. 11 U.S.C. §§ 301(a), 541(a). With certain statutory exceptions not relevant to this matter, a bankruptcy estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." § 541. Congress intended the scope of a debtor's estate to be "all embracing," Vogel v. Palmer (In re Palmer), 57 B.R. 332, 333 (Bankr. W.D. Va. 1986) (citing In re Ryan, 15 B.R. 514 (Bankr. D. Md. 1981)); see S. REP. No. 95–989, at 82 (1978), as reprinted in 1978 U.S.C.C.A.N. 5787, 5868; H.R. REP. No. 95–595, at 367 (1977), as reprinted in 1978 U.S.C.C.A.N. 5963, 6323 ("The scope of this paragraph [describing property of the estate] is broad."), and to include "all kinds of property, wherever located, tangible or intangible, causes of action, and all other forms of property under former Section 70(a) of the Bankruptcy Act," Vogel, 57 B.R. at 333 (citing H.R. REP. No. 95–595, at 367–68, as reprinted in 1978 U.S.C.C.A.N. 5787, 6323–24). There are limits on the scope of a debtor's estate, however, as § 541 "is not intended to expand the debtor's rights against others more than they exist at the

commencement of the case," and a bankruptcy trustee can "take no greater rights than the debtor himself had." S. REP. No. 95–989, at 82, as reprinted in 1978 U.S.C.C.A.N. 5787, 5868; H.R. REP. No. 95–595, at 367, 368, as reprinted in 1978 U.S.C.C.A.N. 5963, 6323. The Trustee has the burden of showing that the anticipated bonus is property of the female Debtor's estate. Seaver v. Klein–Swanson (In re Klein–Swanson), 488 B.R. 628, 633 (8th Cir. BAP 2013) (citing DeBold v. Case (In re Tri–River Trading, LLC), 329 B.R. 252, 263–64 (8th Cir. BAP 2005), aff'd, 452 F.3d 756 (8th Cir. 2006)).

■ While the (federal) Bankruptcy Code determines what property of a debtor becomes property of his bankruptcy estate, state law determines what constitutes a debtor's property in the first instance, Butner v. United States, 440 U.S. 48, 55, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979) ("Property interests are created and defined by state law. Unless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding."). Therefore, the court must determine whether the female Debtor had a property interest in the anticipated bonus under applicable state law on November 11, 2016, the date that the Debtors commenced this case. Mendelsohn v. Gonzalez (In re Gonzalez), 559 B.R. 326, 331 (Bankr. E.D.N.Y. 2016) ("The critical question here is whether under applicable state law on the date of the bankruptcy filing the debtor possessed a right to demand payment—whether on the petition date or some date in the future on the happening of a specific and defined contingency."); Vogel, 57 B.R. at 333–34 ("Section 541 clearly establishes that the estate is created when the petition is filed. This date is the critical time as of which the property

comprising the estate is to be determined and the rights of others connected with the proceeding adjusted." (citing Lockhart v. Garden City Bank & Tr. Co., 116 F.2d 658 (2d Cir. 1940); 4 COLLIER ON BANKRUPTCY, ¶ 541.04 at 541–22 (15th ed. 1985))). The Bankruptcy Code does include certain property acquired post-petition by Chapter 7 [1] debtors in their estates. See § 541(a)(5) (property acquired within 180 days of the petition date from a decedent's estate, as the result of a divorce, or from a life insurance policy); § 541(a)(6) ("[p]roceeds, product, offspring, rents, or profits of or from property of the estate"); § 541(a)(7) (property that the estate acquires post-petition). The Bankruptcy Code, however, excludes "earnings from services performed by an individual debtor after the commencement of the case" from property of the estate, § 541(a)(6), and the anticipated bonus cannot be property of the female Debtor's estate if the female Debtor did not have a property interest in it on the petition date, Klein–Swanson, 488 B.R. at 637 ("Whether the estate acquired an interest in the award payments begs the question in this appeal; whether the award payments were property of the estate."). Section 541(a)(5) does not apply to the anticipated bonus, and the anticipated bonus cannot be considered proceeds of estate property pursuant to § 541(a)(6) or otherwise acquired by the estate pursuant to § 541(a)(7) if the estate did not have a property interest in it on the Debtors' petition date.

▬ To determine whether the female Debtor had a property interest in the anticipated bonus on her petition date, the court must distinguish between contingent interests and expectations. On the one hand, a contingent interest is "[a]n interest that the holder may enjoy only upon the occurrence of a condition precedent." BLACK'S LAW DICTIONARY 885 (9th ed. 2009). Even though a debtor holding a contingent interest may not have anything tangible on her petition date, the contingent interest passes to her bankruptcy trustee and becomes property of her bankruptcy estate. Mendelsohn, 559 B.R. at 331 (citing Booth v. Vaughan (In re Booth), 260 B.R. 281, 290 (6th Cir. BAP 2001)). The trustee would have the same right as the pre-petition debtor to demand payment when the contingency occurred. On the other hand, a debtor's expectation or hope of receiving something in the future is not a property right and would not become property of the estate. Id. at 331–32 ("[I]f a debtor at the time of filing her petition has a bare expectation and hope of receiving a bonus payment then there is no property right to become property of the estate, even if that hope or expectation is ultimately realized."); cf. JAMES A. WEBSTER, JR., WEBSTER'S REAL ESTATE LAW IN NORTH CAROLINA § 3–2, at 51 (Patrick K. Hetrick & James B. McLaughlin, Jr. eds., 5th ed. 1999) (defining a future interest in real property pursuant to North Carolina law as "a presently protectable right to a future interest" and "much more [than] a mere expectancy that one might receive the land of another in the future by possible inheritance, gift or other form of transfer"); John V. Orth, Escheat: Is the State the Last Heir?, 13 GREEN BAG 2D 73, 76 (2009) ("Notoriously, an heir has no rights in the property while the ancestor lives, only a 'mere expectancy' ...."). If the female Debtor had a property interest in the anticipated bonus on her petition date, that property interest belongs to her bankruptcy estate, even if the interest is contin-

---

1. A bonus received by a Chapter 13 debtor during the pendency of her case would be property of her estate due to Bankruptcy Code provisions specific to Chapter 13. See 11 U.S.C. § 1306(a).

gent; if all the female Debtor had was a hope or expectation of receiving the anticipated bonus, there was no property right to pass to the Trustee.

■ Several courts have previously considered questions about anticipated bonuses in similar factual situations, so the court is not writing on a blank slate. In Vogel, a Chapter 7 trustee sought turnover of a debtor's year-end bonus paid post-petition by the debtor's employer. 57 B.R. at 332–33. The Bankruptcy Court for the Western District of Virginia reviewed the debtor's Employee Handbook and a resolution of the employer's board of directors and determined, that the debtor had to remain employed to be eligible to receive the bonus, that the debtor's job performance had to be satisfactory to the employer, and that the "award of the bonus [was] purely discretionary" even though the employer had paid bonuses for the previous fifty years. Id. at 333, 335; see Sharp v. Dery, 253 B.R. 204, 207 (E.D. Mich. 2000) (listing these "three salient facts" underpinning the Vogel court's decision). The Employee Handbook stated that "[t]he bonus is paid at the discretion of the Company," "the employee must be in the employ of the Company at the time of payment of the bonus," and "bonus eligibility does not guarantee anyone a bonus." Vogel, 57 B.R. at 333 (internal quotation marks omitted). Vogel analogizes to insurance commission cases, where the answer to the question of whether post-petition commissions constituted property of the estate depended on whether post-petition services were required, and decides that the debtor's bonus depended on more post-petition work than the insurance commissions. Id. at 334–35. Vogel concludes that, at the petition date, the debtor only had the potential to receive a bonus if the employer decided to distribute it and could not have sued to compel payment of the bonus. Id. at 336

(citing In re Harter, 10 B.R. 272 (Bankr. N.D. Ind. 1981); Tenn. Valley Auth. v. Kinzer, 142 F.2d 833 (6th Cir. 1944)). The Vogel court could not ignore the plain language of the Employee Handbook, which appeared to have been designed to avoid claims for the bonus; rejected the trustee's suggestion of apportioning the bonus pre- and post-petition even though apportionment would balance the equities; and concluded that the bonus was not property of the debtor's estate. Id. at 336–37.

The District Court for the Eastern District of Michigan reached a similar conclusion in Sharp. In that case, the debtor filed bankruptcy on December 21, 1998, and the bonus in question applied to the 1998 calendar year. Sharp, 253 B.R. at 206. The bonus plan required the debtor to be employed when the employer issued the bonus with an exception, in the employer's discretion, for employees who retired, died, or became disabled during the year. Id. The court noted that a debtor only has to perform an "exceedingly slight" amount of services for post-petition income to be excluded from her estate, id. at 208 (citing In re Haynes, 679 F.2d 718, 718–19 (7th Cir. 1982) (holding that a retired serviceman's post-petition income was not property of his bankruptcy estate because he was required to perform duties if requested by the military even though there was no record of the debtor actually performing any duties)), and held that the "determinative issue" was "whether Debtor had an enforceable right to receive the bonus check when he filed his petition," id. at 207. While the employer may not have had any discretion about the amount of a particular employee's bonus, it had complete discretion to not issue the bonus at all, which was the "dispositive characteristic" for Vogel and Sharp. Id. Sharp says Vogel might be distinguishable if Michigan law gave the debtor a right to the bonus, but

Michigan law said the opposite. Id. at 208. The court rejected the trustee's arguments that the bonus was sufficiently rooted in the debtor's pre-petition activities and for apportionment, reversed the bankruptcy court below, and allowed the debtor to retain the bonus. Id. at 208–210.

While Sharp focuses on the discretion of the employer, it also notes the post-petition services that the debtor had to perform in order to be eligible for his bonus. In another case, the Bankruptcy Appellate Panel for the Eighth Circuit found an employer's discretion to be determinative even where a debtor did not have to perform any post-petition services. Klein–Swanson, 488 B.R. at 631, 633. The debtor in Klein–Swanson was eligible for two bonus programs, and her employer had complete discretion over whether to award either bonus. Id. at 631. The bonus programs were for the 2008 calendar year and the debtor filed her case in 2009, but there was no evidence that her employer had decided whether to award the bonuses pre-petition. Id. Even though the Debtor did not need to do anything post-petition to obtain the bonuses, she did not even have a contingent interest in them. Id. at 633. Since the alleged contingency was an exercise of discretion by a third party and Minnesota law provided that there was no contract right to a bonus subject to an employer's discretion, the Debtor "had a contingent interest in nothing" and "nothing more than a hope or expectation that she would receive the payments." Id. at 633–34.

In a similar situation, the Bankruptcy Court for the Eastern District of New York also focused on the difference between a contingent interest and an expectation in Mendelsohn. The employer's bonus plan in Mendelsohn required employees to maintain employment throughout the fiscal year; the employee's per-

formance and "anticipated contributions" and the employer's results "influenced" the bonus; and the bonuses were paid at the discretion of the employer. 559 B.R. at 328 (internal quotation marks omitted). New York law did not give employees an "actionable right" to seek payment of a discretionary bonus, id. (citing Truelove v. Ne. Capital & Advisory, Inc., 95 N.Y.2d 220, 715 N.Y.S.2d 366, 738 N.E.2d 770 (2000); Kaplan v. Capital Co. of Am., 298 A.D.2d 110, 747 N.Y.S.2d 504 (N.Y.2002)), and, if the debtor did not have a right, there was no right to pass on to the bankruptcy trustee as property of her estate, id. at 330. The court concluded that contingent rights that existed on the petition date and ripened post-petition would constitute property of the estate but "disagree[d] with the notion that the exercise of discretion by a third party can be equated with a contingency" and held that the debtor had "no 'right' at all" and instead had "merely an expectation of payment if her employer chose to exercise its discretion." Id. at 331. The employer's discretion was dispositive to the Mendelsohn court, and the requirements of continued employment and satisfactory job performance were not. Id. at 332.

In light of the foregoing principles of law and well-reasoned opinions of other courts considering similar factual situations, the court has no trouble concluding that the female Debtor's anticipated bonus is not property of her bankruptcy estate. In the GPP, the female Debtor's employer explicitly reserves "full and final discretionary authority to interpret and administer the Plan as well as determine the amount, if any, and payment of all incentive bonuses, awards and other compensation pursuant to the Plan," ¶ 10, and the court is not aware of any relevant law that would override the GPP and give the fe-

male Debtor a property interest in the anticipated bonus prior to its payment. Like several of the courts that previously considered this question, this court believes that the discretion of the employer is the most important consideration for determining whether an anticipated bonus is property of the estate. See Klein–Swanson, 488 B.R. at 633; Sharp, 253 B.R. at 207; Mendelsohn, 559 B.R. at 331; Vogel, 57 B.R. at 335–36. If an anticipated bonus is truly dependent on the discretion of a third party, as the female Debtor's bonus is according to the GPP, then a debtor's interest is merely a hope or expectation (or "a contingent interest in nothing") and is not a property interest that a bankruptcy trustee can administer pursuant to § 541(a).

While the employer's discretion is of paramount concern to the court, there are other similarities between the female Debtor's situation and the cases where other courts concluded that anticipated bonuses were not property of the estate that also support the court's conclusion. For example, pursuant to the GPP, the female Debtor must maintain her employment post-petition and her post-petition performance must be satisfactory in order for her to maintain her eligibility for a bonus. See § 541(a)(6) (excluding earnings from services performed post-petition from property of the estate); Sharp, 253 B.R. at 207; Vogel, 57 B.R. at 335. But cf. Klein–Swanson, 488 B.R. at 631, 633 (concluding that discretionary bonuses were not property of a debtor's estate even though the debtor had "completed all tasks within her control toward obtaining an award" pre-petition). As in Vogel, the female Debtor's employer appears to have designed the bonus program to avoid vesting any rights to the bonuses in its employees. See Vogel, 57 B.R. at 336. The bonus plan includes (discretionary) exceptions for employees who cease employment for certain speci-

fied reasons prior to the end of a fiscal year. See Sharp, 253 B.R. at 206. The female Debtor's employer awarded the bonus to the female Debtor last year, see Vogel, 57 B.R. at 335 (noting that the debtor's employer had awarded an annual bonus for the previous fifty years), and most of the calendar year relevant to the anticipated bonus had already passed when the female Debtor filed this case on November 16, 2016, see Klein–Swanson, 488 B.R. at 631 (bonus for 2008 calendar year in case commenced on January 19, 2009); Sharp, 253 B.R. at 206 (bonus for 1998 calendar year in case filed on December 21, 1998). The facts surrounding the female Debtor's anticipated bonus are similar to those of debtors in previous cases and arguably more favorable to a conclusion that the anticipated bonus is not property of her estate.

The Trustee's attempts to persuade the court to ignore the female Debtor's employer's discretion are unconvincing. For example, the Trustee asks the court to consider factually distinguishable cases involving tax refunds, Segal v. Rochelle, 382 U.S. 375, 86 S.Ct. 511, 15 L.Ed.2d 428 (1966), the modification of a Chapter 11 plan to allow a debtor-cooperative to surrender patronage certificates, Universal Coops., Inc. v. FCX, Inc. (In re FCX, Inc.), 853 F.2d 1149 (4th Cir. 1988), and a bonus that a debtor received prior to filing her bankruptcy case, In re Eutsler, No. 11-31133, 2012 WL 27499 (Bankr. W.D.N.C. Jan. 5, 2012). The relationship between these cases and the female Debtor's case is too attenuated to provide much guidance to the court. The most relevant case that supports the Trustee's position, Daly v. Soboslai (In re Soboslai), 263 B.R. 700 (Bankr. D. Conn. 2001), is also distinguishable. While the cases that the court finds the most persuasive all involve employees participating in established bonus pro-

grams, Soboslai deals with a non-equity partner in a law firm who is compensated in part by a year-end bonus. 263 B.R. at 701. More importantly, while Soboslai acknowledges that the bonuses are subject to the discretion of the law firm's board of directors, id. at 702, it does not address the importance (or the apparent lack of importance) of the board's discretion at all in the process of deciding to apportion the debtor's bonus based on his petition date, id. at 703. Soboslai concludes that the prepetition portion of the bonus was earned but unpaid without addressing whether, given the board's discretion, the debtor had any right to it when he filed bankruptcy. Id.

The Trustee's understanding of the cases that the court believes are most relevant to this matter also differs from the court's interpretation. Where the Trustee sees three groups of cases, Trustee's Brief at 2, the court sees one line of cases (Klein–Swanson, Sharp, Mendelsohn, and Vogel) and an outlier (Soboslai) that is factually and analytically distinguishable. The Trustee's third "group" of cases is Vogel, which, according to the Trustee, represents a "middle approach" that "rejects the notion of blindly following the labels assigned to an incentive program by the employer, and instead looks to see how the employer is actually administering the program and what post-petition services are actually required by the employee-debtor." Trustee's Brief at 2, 6–7 (citing Vogel, 57 B.R. at 334–36). However, the extent to which Vogel looks to how the employer actually administered the bonus program, as opposed to simply reviewing the Employee Handbook and the resolu-

tion, only consists of noting that the employer had awarded the bonuses for the previous fifty years, which did not change the court's conclusion that the debtor did not have a right to the bonus on his petition date. Vogel, 57 B.R. at 335–36. Despite the Trustee's suggestion that the court should conduct a "fact-intensive inquiry," Trustee's Brief at 7, the Trustee did not provide the court with any evidence about how the female Debtor's employer actually administers the bonus program (other than noting that the female Debtor received a $30,000 bonus in 2016) and instead based her argument on the GPP, id. at 7–9.

Similarly, the Trustee appears to misunderstand the application of the "three salient facts" from Vogel to the female Debtor's GPP. According to the Trustee, the first two salient facts (employment at the time the bonus is paid and satisfactory job performance) are "absent" from the GPP and the GPP is "ambiguous" about the third (the employer's discretion). Id. The Trustee supports these conclusions by cherry-picking from the language of the GPP. For example, the Trustee quotes the "will be made" language from a sentence related to the payment of bonuses to certain terminated employees in order to argue that the female Debtor does not need to maintain her employment in order to receive a bonus and that the employer does not have the discretion to deny paying a bonus. Trustee's Brief at 7, 8. This argument only works, however, because the Trustee ignored the conditional language ("If a Plan participant is eligible ....") at the beginning of the "will be made" sentence [2] and the provision earlier

---

2. GPP ¶ 7 ("If a Plan participant is eligible to receive an award following termination of employment and prior to the end of the applicable performance period, then the payment or grant of that award will be made as soon as administratively practicable following such termination of employment, and in any event by no later than the date on which the award would otherwise have been required by applicable law and Plan terms to be paid or grant-

in the GPP that a terminated employee "may" remain eligible for a bonus "as determined in the sole discretion" of the employer.[3] The Trustee also focuses on the language in the GPP that acknowledges that the employer will pay bonuses when "required by applicable law"[4] to argue that the employer does not have the discretion to decide not to award a bonus. As previously noted, the Trustee could not identify any applicable law that would require the employer to award a bonus, so the references to applicable law in the GPP are irrelevant to the question of whether the employer has discretion, and other portions of the GPP quoted throughout this order explicitly give discretion to the employer, so the award of the anticipated bonus to the female Debtor is unambiguously in the employer's discretion.

The Trustee's statement that the female Debtor "held a property interest in the Bonus on the Petition Date contingent only upon her employer's decision to issue the Bonus," Trustee's Brief at 1, is correct only if "property interest" is replaced by "hope or expectation"; undercuts the Trustee's argument that the employer does not have the discretion to decide not to issue the anticipated bonus; and neatly summarizes why the anticipated bonus is not property of the estate. A property interest that is contingent on someone else's discretion is the "contingent interest in nothing" Klein–Swanson.

Since the anticipated bonus is not property of the estate, the female Debtor does not need to use an exemption to protect it from the Trustee, and the court does not need to consider the second issue presented by the Objection regarding whether she could. Accordingly, the Objection is hereby **OVERRULED.** In addition, since the Debtors do not need to amend their ex-

---

ed if the Plan participant had remained employed.").

3.   GPP ¶ 2(c) ("Notwithstanding Section 2(b) above, a Plan participant who incurs a termination of employment before the payment date (or grant date, as applicable) of an incentive award or similar payment may remain eligible for consideration for a full or partial award/payment under the Plan, as determined in the sole discretion of [the female Debtor's employer], if such termination is due to:
(i)   death;
(ii)   "disability", as defined in the [employer's] Long-term Disability Plan (or other similar plan in which the Plan participant participates, if any);
(iii)   "retirement", defined as a termination of employment after having met [the employer's] eligibility requirements for "Rule of 60" (i.e., having at least ten years of service with combined age and years of service equal to at least 60), or other applicable rule as specified in [the employer's] compensation plans and programs for certain employees that may include Financial Advisors and non-U.S. based employees; or

(iv)   labor force/workforce reduction, realignment or similar measure, if the Plan participant incurs a termination of employment on or after September 1 of the Plan year set forth in Section 1 above, and also qualifies for benefits under the Corporate Severance Program (or similar applicable program) as of the relevant payment date (or grant date, as applicable).").

4.   GPP ¶ 2(b) ("As a rule, based on the pay-for-performance approach adopted by [the employer], as such approach is described in Section 2(a) above, if before the payment date (or grant date, as applicable) of an award under the Plan, a Plan participant (i) incurs a termination of employment (either by [the employer] or the participant) or (ii) otherwise ceases to be actively employed by [the employer] (e.g., has given a notice of resignation or has been given a notice of termination), as determined in the sole discretion of [the employer], then such participant will no longer participate in the Plan as of the date of such change in employment status and, therefore, will no longer be eligible to receive any award under the Plan, unless otherwise required by applicable law.").

emptions in relation to the anticipated bonus, the Debtors' Motion is hereby **DENIED AS MOOT**.

**SO ORDERED.**